Peter M. BENJAMIN, Melvin H. Klipper and David Peritz, Plaintiffs-Appellees,

v.

UNITED MERCHANTS AND MANUFACTURERS, INC., Defendant-Appellant.

No. 752, Docket 88-7883.

United States Court of Appeals, Second Circuit.

Argued Jan. 30, 1989.

Decided April 19, 1989.

Ira A. Turret, New York City (David A. Field, Field, Lomenzo, Turret & Blumberg, New York City, of counsel), for plaintiffs-appellees.

Anthony F. Phillips, New York City (Steven H. Reisberg, Willkie Farr & Gallagher, New York City, of counsel), for defendant-appellant.

Before VAN GRAAFEILAND and CARDAMONE, Circuit Judges and SWEET, District Judge *.

* Honorable Robert W. Sweet, United States District Court for the Southern District of New York, sitting by designation.

CARDAMONE, Circuit Judge:

United Merchants and Manufacturers, Inc. (United Merchants) appeals from the final judgment of the United States District Court for the Southern District of New York (MacMahon, J.), denying its motion for judgment n.o.v. or for a new trial on the question of whether it willfully violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982 & Supp. IV 1986), when it fired plaintiff-appellee Peter M. Benjamin. Plaintiff, Melvin H. Klipper, also discharged, has settled his ADEA suit with appellant, and the jury found that a third plaintiff, David Peritz, who has not appealed, had not been fired because of age discrimination.

Appellant United Merchants, the defendant in the district court, argues that the verdict was based on speculation rather than evidence—and on impermissible sympathy for a long-term employee—and that it should therefore have been set aside pursuant to Fed.R.Civ.P. 50(b) or 59. United Merchants also appeals the award of liquidated and other damages following the jury's liability finding that was fixed by the district court in the amount of $336,361.56. For the reasons that follow, we affirm.

## FACTS

United Merchants is a textile manufacturer. It emerged from bankruptcy in 1978, but like much of the American textile industry in the early 1980's, it continued to experience business difficulties. As a result of its losses, it undertook a corporate restructuring which was followed by the discharge of a number of employees, including appellee Benjamin.

Appellee, age 62 at trial, was in charge of appellant's international sales, which had declined prior to his discharge. At the time of Benjamin's termination, the value of the United States dollar was rising, making it more difficult for American companies to compete successfully for foreign business. United Merchants contends that it demoted Benjamin twice for poor performance, though it did not memorialize the asserted demotions in any of its business records. Benjamin argues that the decline in foreign sales that cost him his job was due to the then rising dollar, and not to his performance. Appellee—whose interest in the company's pension plan had vested—was fired in 1983 after 38 years with the company, during which time his responsibilities had substantially increased. Five months later, he was replaced with a 41 year-old employee who was not vested in the employer's pension plan. Benjamin's separation notice stated that United Merchants would reemploy him, and the box on that form indicating "Unsatisfactory work" was not checked.

## DISCUSSION

### A.  *ADEA Violation*

The ADEA provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This protection extends to employees who are at least 40 years old. *Id.* § 631(a). Benjamin made out a *prima facie* case of an ADEA violation by establishing that he was (1) a member of the protected class, (2) qualified for his job, (3) fired, and (4) replaced by a younger individual, *see Haskell v. Kaman Corp.*, 743 F.2d 113, 119 n. 1 (2d Cir.1984), and that, therefore, his discharge occurred under circumstances giving rise to an inference of discrimination on account of age. *See Pena v. Brattleboro Retreat*, 702 F.2d 322, 324 (2d Cir.1983).

■ Our review of a denial of a judgment n.o.v. turns on whether viewing the evidence in the light most favorable to Benjamin there is (1) no probative evidence to support a verdict in Benjamin's favor, or (2) the record evidence so strongly favors United Merchants that fair minded jurors exercising impartial judgment could not arrive at a verdict against the employer. *See Howes v. Great Lakes Press Corp.*, 679 F.2d 1023, 1030 (2d Cir.), *cert. denied*, 459 U.S. 1038, 103 S.Ct. 452, 74 L.Ed.2d 605 (1982); *Mattivi v. South African Marine*

*Corp.,* 618 F.2d 163, 167–68 (2d Cir.1980). Applying this test, it is clear that there was ample evidence for the jury to have found that United Merchants' asserted reason for firing Benjamin (poor performance) was pretextual.

The jury could properly have determined that appellant decided to discharge Benjamin from employment because of his age. The ADEA prohibits such terminations even when the company is undergoing a legitimate business restructuring or work force reduction. *See Hagelthorn v. Kennecott Corp.,* 710 F.2d 76, 81 (2d Cir.1983). Moreover, age need not be the sole reason for discharge in order to find an ADEA violation. The jury was entitled to conclude that appellant's asserted reasons for Benjamin's discharge were not credible, and that his age and consequent entitlement to a pension tipped the employer's decision against him. *See id.* at 82. Hence, the district court correctly denied appellant's motion for judgment n.o.v. on the jury verdict finding that United Merchants had violated the ADEA.

## B. *Damages*
### 1. Liquidated Damages

Damages for Benjamin's lost salary amounted to $155,986, and were doubled in this case by Judge MacMahon to $311,972. The ADEA provides that a plaintiff may be entitled to liquidated (double) damages, but "only in cases of willful violations." 29 U.S.C. § 626(b). The trial judge instructed the jury that: "[a] dismissal is not willful simply because the plaintiff shows that United Merchants knew about the age discrimination law. Defendant's action was willful if you find that the defendant deliberately, intentionally, on purpose and knowingly violated the law, or if it shows a reckless disregard for whether its conduct violated the law." On this issue the trial court properly explained that the plaintiff has the burden of proof. Given that this charge carefully tracks the Supreme Court's definition of a willful ADEA violation, appellant concedes that the jury instructions were correct. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111,

125–28, 105 S.Ct. 613, 623–25, 83 L.Ed.2d 523 (1985) (willfulness is proven if defendant knew or showed reckless disregard for whether its conduct was prohibited by the ADEA). Further, upon receipt of a written request from the jury, Judge MacMahon repeated the above definition. On appeal, United Merchants challenges the award of liquidated damages by highlighting the amorphous nature of the statute's "willfulness" requirement.

After canvasing the legislative history of the ADEA, the Supreme Court previously concluded that willfulness should be defined "consistent with the manner in which this Court has interpreted the term in other criminal and civil statutes." *Thurston,* 469 U.S. at 126, 105 S.Ct. at 624. Although the Supreme Court's pronouncement does not resolve the ambiguity inherent in the term willful, some solace may be taken in its familiarity. *See McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988) (defining willfulness with reference to *Roget's International Thesaurus* ).

In *Thurston,* the Court further noted that the ADEA's liquidated damage provision is punitive in nature—having been substituted for a proposed criminal provision— and is not to be awarded for every violation of the ADEA. 469 U.S. at 125, 105 S.Ct. at 623. Prior to *Thurston* the various Courts of Appeals applied divergent rules regarding the quantum of proof a plaintiff was required to proffer in order to hold an employer liable for liquidated damages. *See* Note, *Liquidated Damages and Statute of Limitations Under the "Willful" Standard of the Fair Labor Standard Act and Age Discrimination In Employment Act: Repercussions of Trans World Airlines, Inc. v. Thurston,* 24 Washburn L.J. 516, 531–36 (1985). *Thurston* effectively eliminated the two tests at opposite extremes. The easiest test for an employee to satisfy—at one end of the spectrum—requires only that he or she prove that the employer knew the ADEA was "in the picture." At the other pole, the most difficult test for a plaintiff is to demonstrate that the employer acted with the specific intent

to do something the law forbade. What survived *Thurston* is the "knowing" or "reckless disregard" test, which is the law of this Circuit, and which Judge MacMahon properly charged in this case. *See, e.g., Dominic v. Consolidated Edison Co.*, 822 F.2d 1249, 1256 (2d Cir.1987) (finding willfulness where employee fired because of his opposition to a practice made unlawful by the ADEA); *Reichman v. Bonsignore, Brignate & Mazzotta P.C.*, 818 F.2d 278, 281 (2d Cir.1987) (upholding a finding of willfulness where employee was discharged because pension plan was about to vest); *Goodman v. Heublein, Inc.*, 645 F.2d 127, 131 (2d Cir.1981) (denying employee promotion because of age found to be a willful violation of ADEA).

In light of *Thurston*, we think that "willfulness" is most easily understood when the term is analyzed along a continuum. Using that concept, at one extreme there is no liability for liquidated damages when a plaintiff proves only that the employer acted negligently, inadvertently, innocently, or even, if the employer was aware of the applicability of the ADEA, and acted reasonably and in good faith. *See McLaughlin*, 108 S.Ct. at 1681–82. The opposite point of the spectrum is revealed when a plaintiff establishes that the employer had an evil motive: such showing is sufficient for double damages, but is not necessary for an award of liquidated damages. *See Thurston*, 469 U.S. at 126 n. 17, 105 S.Ct. at 624 n. 17. Thus, in the middle of the spectrum, double damages may properly be awarded when the proof shows that an employer was indifferent to the requirements of the governing statute and acted in a purposeful, deliberate, or calculated fashion.

The difficulty lies in distinguishing between indifference to the ADEA and negligent attempts to comply with its dictates. This presents a question of fact that is not always easy to resolve, but is no more complex than many issues juries are routinely called upon to decide. An employer acting with indifference is one who acts without interest or concern for its employees' rights under the ADEA at the time it decides to discharge an employee; that is,

without making any reasonable effort to determine whether the decision to discharge violates the law. When there is evidence in the record that the employer acted reasonably and in good faith—even though it later turns out that employment termination violated the ADEA—double damages are not warranted. Were the rule otherwise, every ADEA violation would trigger liquidated damages, and Congress' purpose in creating a two-tiered structure of liability would thereby be contravened. *See* 469 U.S. at 128, 105 S.Ct. at 625.

■ Our task in resolving this case is made easier because there is sufficient evidence in the record for the jury to have found that appellant's actions respecting Benjamin were willful. Appellant's Chief Administrative Officer responsible for establishing and implementing personnel policy knew it was illegal to discharge an employee on account of age. Nonetheless, he admitted that no steps were taken to determine whether or not Benjamin's discharge was carried out on an impermissible basis, and his omission in this regard is particularly egregious given the fact that he was the individual responsible for seeing to it that United Merchants complied with age discrimination and other applicable labor laws. Thus, the jury properly found that, unlike the employer in *Thurston*, no reasonable, good faith effort had been made in Benjamin's case to ensure that appellant's actions were consistent with the ADEA. *See* 469 U.S. at 129–30, 105 S.Ct. at 625–26.

Moreover, the jury could have inferred from the fact that the employer did not check the box indicating "Unsatisfactory work," and from the fact that it had also indicated that it would rehire Benjamin, that United Merchants' asserted justification of "poor performance" was not only a *post hoc* rationalization but, at the time of the discharge, was also calculated to conceal deliberate age discrimination. The jury could have concluded that United Merchants did not believe its actual reason for terminating Benjamin's employment was legal, otherwise it would not have contradicted itself twice by offering different rationales when explaining the decision to the

appellee. These inconsistencies between the separation notice and the employer's explanations at trial and on this appeal can be read as a desire on the part of United Merchants not to let its right hand know what its left hand was doing, evincing that appellant knew the law but at the same time attempted to evade it.

We note that we have found a jury question of willfulness on somewhat analogous facts. *See Russo v. Trifari, Krussman & Fishel, Inc.*, 837 F.2d 40, 45 (2d Cir.1988) (internal memo discrediting sincerity of company's explanation to personnel supports finding of willfulness by demonstrating "an appreciation of its illegality and a resultant attempt to conceal it"). We hold that the jury, having been correctly instructed, could properly have found that appellant's actions were willful, therefore entitling Benjamin to liquidated damages.

### 2. Other Damages

United Merchants' remaining argument on damages is that the calculation should not include the 18-month period from the jury verdict up to the hearing on damages in January, 1988. The parties had stipulated that only the issue of liability would be submitted to the jury, and that the district judge would calculate the damages, if any. Adopting the recommendation of the magistrate, the district court's award of damages included the period up to the damage hearing, and was made in reliance on *Bonura v. Chase Manhattan Bank*, 629 F.Supp. 353, 357 (S.D.N.Y.), *aff'd on other grounds*, 795 F.2d 276 (2d Cir.1986) (*per curiam*) and *E.E.O.C. v. Kallir, Phillips, Ross, Inc.*, 420 F.Supp. 919, 924 (S.D.N.Y. 1976), *aff'd*, 559 F.2d 1203 (2d Cir.), *cert. denied*, 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed. 2d 277 (1977).

We see no reason to fault the district court on this aspect of the award. Appellant has failed to point to any binding authority for the proposition that damages may not include the pre-damage hearing period. We need not now decide the broader question of whether ADEA damages must always include the interim period between the jury verdict and the damages hearing. *Cf. E.E.O.C. v. Colgate–Palmolive Co.*, 612 F.Supp. 1476, 1483 (S.D.N.Y. 1985) (calculating damages to end at time of jury verdict). Having agreed to let the district judge decide the damages issue without specifying the timespan, the parties have relinquished their right to complain about the method by which the district court carried out its responsibilities.

### CONCLUSION

Because appellant's primary argument for a new trial was insufficiency of the evidence, the foregoing reasons lead us to conclude that the district court did not abuse its discretion in refusing to grant judgment n.o.v. or a new trial. *See Fiacco v. City of Rensselaer*, 783 F.2d 319, 332 (2d Cir.1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987); *Hagelthorn*, 710 F.2d at 84.

The judgment appealed from is therefore affirmed.