**Elaine NURSE, Plaintiff,**

v.

**The CITY OF NEW YORK and New York City Computer Service Center, Defendants.**

**No. 85 Civ. 6432 (RWS).**

United States District Court, S.D. New York.

March 2, 1990.

---

Lloyd Somer, New York City, for plaintiff.

Victor A. Kovner, Corp. Counsel of the City of New York, New York City (Paul Marks, Elizabeth A. Palladino, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Defendants, The City of New York and New York City Computer Service Center (the "Center"), (collectively, "The City"), move pursuant to Federal Rule of Civil Procedure 12(c) to dismiss the claims in the amended complaint brought by plaintiff Elaine Nurse ("Nurse") under the Age Discrimination in Employment Act ("ADEA") and 42 U.S.C. §§ 1981 and 1983 and in limine to exclude the testimony of Marjorie Mayers at the trial of this action.

*Parties*

Nurse is a black female citizen of the United States and a resident of New York City. At the relevant times in the complaint, Nurse was employed by the Center.

Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. The City is an employer as defined by the New York State Human Rights Law (Article 15 of the Executive Law).

Defendant NYCSC is an employer as defined by the New York State Human Rights Law (Article 15 of the Executive Law).

*Prior Proceedings*

In October 1980, plaintiff, Elaine Nurse ("Nurse") filed a complaint with the New York State Division of Human Rights (NYSDHR) and with the Equal Employment Opportunity Commission (EEOC). The complaint alleged that the City discriminated against Nurse on account of race, sex and age. Nurse alleged, *inter alia*, that defendants had failed to provide her with certain training and that she had been bypassed for the position of Manager of Production Control at the Center. The NYSDHR held an evidentiary hearing, and in June 1985 determined that the City had not discriminated against Nurse.

In August 1985, Nurse and three other Center employees, Charles Miller, Lewis Martin and Toronica Pryor, commenced the instant action. At that time, all four plaintiffs were represented by the NAACP. The NAACP subsequently withdrew as their counsel, and Martin and Pryor withdrew their complaints. Miller elected to proceed *pro se*,[1] and Nurse retained another attorney. On August 26, 1988 Nurse moved for an order granting her leave to amend the complaint to add a cause of action pursuant to the Age Discrimination in Employment Act ("ADEA") and to sever the Nurse and Miller claims. The unopposed motion was granted on September 19, 1988.

*§§ 1981 and 1983 Claims Barred*

Nurse's claims brought pursuant to 42 U.S.C. §§ 1981 and 1983 are barred by collateral estoppel. In *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Supreme Court held that "when a state agency 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts [in actions under the Reconstruction civil rights statutes] must give the agency's fact-finding the same preclusive effect to which it would be entitled in the state's courts." 478 U.S. at 799, 106 S.Ct. at 3226 (footnote omitted); *DeCintio v. Westchester County Medical Center*, 821 F.2d 111,

---

**1.** This action is the companion case to *Miller v. City of New York et al.*, 85 Civ. 6432 (RWS) tried by this court in May, June and July 1989.

116 (2d Cir.1987), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987).

Nurse had a full and fair opportunity to litigate her claims of sex, race, and age discrimination at her NYSDHR hearing. She was represented by counsel, called witnesses and was afforded the opportunity to cross-examine them. Accordingly, the June 1985 determination of the NYSDHR that the city had not discriminated against Nurse is entitled to preclusive effect, and bars Nurse from maintaining her claims under §§ 1981 and 1983. *Allied Chem. v. Niagara Mohawk Power Corp.,* 72 N.Y.2d 271, 276, 532 N.Y.S.2d 230, 528 N.E.2d 153 (1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989); *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 500–02, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984); Nurse agrees that this reading of *University of Tennessee* prevents her from further litigating the §§ 1981 and 1983 claims.

■ The claims are also barred by the statute of limitations. Three years is the statute of limitations period applicable to §§ 1981 and 1983 claims. *Okure v. Owens,* 816 F.2d 45, 47 (2d Cir.1987), *aff'd,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Ingram v. Madison Square Garden Center, Inc.,* 709 F.2d 807, 811 (2d Cir.1983), *cert. denied,* 464 U.S. 937, 104 S.Ct. 346, 78 L.Ed.2d 313 (1983). The question of when a § 1983 claim accrues is a matter of federal law. *Fiesel v. Board of Educ.,* 675 F.2d 522, 524 (2d Cir.1982); *Pauk v. Board of Trustees,* 654 F.2d 856, 859 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). Under federal law, a claim accrues at "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Bireline v. Seagondollar,* 567 F.2d 260, 263 (4th Cir.1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979); *Pauk,* 654 F.2d at 859.

The latest date for the accrual of Nurse's §§ 1981 and 1983 claims is the appointment of Conforti in September 1980. Nurse, however, did not file her complaint until August 1985, almost five years later. Con-

sequently, Nurse's §§ 1981 and 1983 claims are barred by the three-year limitations period.

## ADEA Claims Barred

■ Under the ADEA, an action must be commenced within two years after plaintiff's cause of action accrues, or if the act complained of constitutes a "willful violation" of the ADEA then a three-year statute of limitations applies. 29 U.S.C. §§ 626(e)(1) and 255(a). The standard of willfulness is whether the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute ..." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988); *Benjamin v. United Merchants & Mfrs., Inc.,* 873 F.2d 41, 43–44 (2d Cir.1989).

Nurse's complaint does not allege that the city willfully violated the ADEA. Nurse merely alleges that the city discriminated against her on the basis of her age. Thus the two-year statute of limitations applies in this action. Had Nurse alleged willful discrimination, the claim would still be time-barred under a three-year statute of limitations. Nurse's cause of action accrued no later than September 1980 with the appointment of Antonio Conforti as the Center's Manager of Production Control. Nurse did not file her federal complaint, however, until August 1985, and did not amend her complaint to add an ADEA claim until November 1988. Even assuming that the amendment adding the ADEA claim related back to the 1985 filing, the 1985 filing was far beyond both the two and three year statute of limitations. Accordingly, Nurse's ADEA claim is time-barred.

Nurse has put forth no reason to consider an equitable tolling of the statute of limitations. Instead, Nurse merely asserts that the city was aware at all times of the age discrimination claim which had been set forth in both the complaint filed with the NYSDHR and with the EEOC and in the original complaint filed with this court.[2]

---

2. Nurse's reliance on *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408 (S.D.N.Y.1989) to avoid the

statute of limitations is unpersuasive. Not only does Nurse rely upon generic language from the

Nevertheless, Nurse's pursuit of her age discrimination claim in the NYSDHR did not operate to extend the limitations period. Like Title VII, the ADEA requires initial deferral to the appropriate state agency. 29 U.S.C. § 633; *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755–56, 99 S.Ct. 2066, 2071–72, 60 L.Ed.2d 609 (1979). The ADEA, however, does not mandate pursuit of a remedy through administrative channels before a civil action may be filed. *Kennedy v. Whitehurst*, 690 F.2d 951, 964 (D.C.Cir.1982) ("Exhaustion" under the ADEA "requires no more than the provision of notice to the appropriate federal official of the intention to sue"). Sixty days after filing with the state agency and the EEOC, a person is free to file a civil suit. *Id.* Therefore, during the period that Nurse pursued her administrative remedies in the NYSDHR, the statute of limitations was running and expired in 1983, more than two years before Nurse commenced this action.

Nurse's only remaining claims are brought under Title VII. Nonetheless, as of this date, Nurse has yet to produce the EEOC's right-to-sue letter issued upon the closing of the case to demonstrate that Nurse has timely commenced this action. Consequently, Nurse has no remaining claims, the demand for a jury trial and the motion in limine are not addressed, and absent production of the right-to-sue letter within twenty days of this decision the complaint will be dismissed.

Settle judgment on notice.

It is so ordered.

court's discussion of *subject matter jurisdiction,* but *Blesedell* supports the City's claim that the action is both time-barred and cannot possibly constitute a claim for continuing discrimina-tion. *See Blesedell,* 708 F.Supp. at 1414–15 ("only 'compelling circumstances' will warrant application of the exception to the statute of limitations") (citations omitted).