851 F.Supp. 1312 (1993)
James W. WIEHOFF, Plaintiff,
v.
GTE DIRECTORIES CORP., GTE Directories Sales Corp., and GTE Directories Service Corp., d/b/a GTE Sun Community Directories, Defendants.
No. CV 3-91-770.
United States District Court, D. Minnesota, Third Division.
June 22, 1993.
*1313 *1314 Joseph W. Hammell and Catherine R. Landman, Dorsey & Whitney, Minneapolis, MN, for plaintiff.
John W. Polley and Patricia K. Oakes, Faegre & Benson, Minneapolis, MN, for defendants.

MEMORANDUM OPINION AND ORDER
KYLE, District Judge.

Introduction
Before the Court is defendant GTE Directories Corporation, GTE Directories Sales Corporation, and GTE Directories Service Corporation's (collectively "GTE") Motion for Partial Summary Judgment. GTE moves for partial summary judgment on the grounds that plaintiff James W. Wiehoff's ("Wiehoff") claims of age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (1985) ("ADEA")[1] are barred by the applicable statute of limitations.

Background
GTE terminated Wiehoff's employment as a sales representative on or about August 29, 1988.[2] He was notified of his termination on August 22, 1988.
On December 8, 1988, Wiehoff filed a charge with the Minnesota Department of Human Rights ("MDHR") alleging age discrimination and reprisal in violation of the Minnesota Human Rights Act, Minn.Stat. § 363.01 et seq. ("MHRA"). Oakes Aff., Exh. B. The MDHR cross-filed the charge with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC informed Wiehoff that the MDHR would process his charge pursuant to a worksharing agreement between the EEOC and the MDHR. Oakes Aff., Exh. C ("The EEOC maintains a close working relationship with state and local enforcement agencies with respect to the processing of charges of employment discrimination. We strongly encourage your cooperation with the state agency named above in its processing of your charge."). This letter also stated:
The Age Discrimination in Employment Act of 1967, as amended (ADEA) provides that an individual may file suit in federal court upon the expiration of 60 days from the date of the charge was filed and up to two years after the date of the alleged violation (three years where the violation was willful). However, the ADEA does limit the recovery of back wages to a period of two years prior to the date suit is filed (or three years, if a willful violation is proven). The applicable statute of limitations is determined by the court. Thus, if you intend to pursue this matter through litigation, it is important that suit be filed within two years from the date of the alleged discrimination.
Id. At the same time, the EEOC informed GTE of the age discrimination and retaliation charge filed by Wiehoff and of MDHR's processing of the charge and encouraged GTE to cooperate with the MDHR. Landman Aff., Exh. 5.
On June 19, 1989, the MDHR completed its investigation of Wiehoff's charge and informed both Wiehoff and GTE that "[a] determination has been made that probable cause exists to credit the allegation that an unfair discriminatory practice has been committed." Landman Aff., Exhs. 8 and 9. The parties' subsequent efforts to conciliate, at the invitation of the MDHR, were unsuccessful, and on December 7, 1989, the MDHR informed the parties that the case would be forwarded to the Minnesota Attorney General's office for litigation. Landman Aff., Exhs. 11 and 12. On or about December 7, 1990, Wiehoff received a form letter from the EEOC explaining the Age Discrimination *1315 Claims Assistance Amendments of 1990, Pub.L. 100-283, 102 Stat. 78, as amended Pub.L. 101-504, 104 Stat. 1298, reprinted in 29 U.S.C.A. § 626 (note) (hereinafter "1990 ADCAA"), and its possible effect on his charge. The letter stated in part:
If your charge is covered by ADCAA, as described in the enclosed Fact Sheet, you may now have extended time to sue under the ADEA so long as your lawsuit is filed by January 26, 1992.
* * * * * *
The ADCAA also extends the limitations periods for EEOC lawsuits in some cases. If your charge is still being processed by EEOC, we are reviewing the circumstances of your charge to determine how this law may affect your case. The office which is investigating your charge will notify you when the investigation is complete. HOWEVER, THIS LETTER IS THE OFFICIAL NOTICE WHICH THE LAW REQUIRES TO INFORM YOU THAT YOUR RIGHT TO SUE UNDER THE ADEA MAY BE RESTORED.
Oakes Supplemental Aff., Exh. D (Emphasis in original).
The attached Fact Sheet summarized the application of the 1990 ADCAA and the requirements set forth in section three of that act. The Fact Sheet included the following statements:
ADCAA, as amended, covers a number of ADEA cases in which the right of persons to sue in court within two years of the date of discrimination (without having to prove willful violation) had passed while the agency's investigation [referring to the EEOC and state and local agencies] was still incomplete. It may or may not cover the rights of those alleging willful violations where the three year period has not yet expired. The rights of all these persons to sue may be restored so long as the lawsuit is filed by January 26, 1992.
* * * * * *
NOTE: Attorneys are advised that some courts have dismissed as untimely a claim brought after three years because willfulness was raised in the judicial complaint, whereas, the ADCAA notice provided by EEOC was based on expiration of the two year non-willful period. Allegations of willful violations should be filed within the three year limitations period where such period has not yet expired even though the ADCAA notice may indicate a later filing date is possible....
Oakes Supplemental Aff., Exh. D (Emphasis in original).
On June 21, 1991, Wiehoff received a letter from the EEOC indicating that the EEOC was "terminating its processing" of his age discrimination charge, and stating that he had
an age discrimination claim being processed at the Minnesota Department of Human Rights under its age discrimination law and an age discrimination claim pending at the EEOC under the federal Age Discrimination in Employment Act (ADEA) of 1967, as amended.
* * * * * *
Our review of your charge reveals that the alleged discrimination occurred on August 26, 1988 and was not willful and that the two year statute of limitations for filing a federal lawsuit lapsed on August 26, 1990. You have previously been informed by letter however, that the Age Discrimination Claims Assistance Act of 1990 extends the time to sue under the ADEA until January 26, 1992.
It is our understanding the Minnesota Department of Human Rights will continue to process your discrimination claim under its age discrimination law. Please contact that agency for further information on the processing of your charge and your right to file a private lawsuit under the age law they enforce.
Landman Aff., Exh. 13.[3]
On or about November 8, 1991, Wiehoff commenced this action, alleging violation of the MHRA and the ADEA based on age discrimination and retaliation. Complaint, *1316 ¶¶ 13-24. Wiehoff seeks damages for pain and suffering and emotional distress; an award of past and future compensation; an order restoring his pension benefits; and an award of punitive damages and civil penalty. Complaint, Prayer for Relief.
In its Motion for Partial Summary Judgment[4], GTE asserts that Wiehoff has alleged a willful violation of the ADEA for which there is a three year statute of limitations for filing a lawsuit. GTE argues that the cause of action accrued upon notification of termination (August 22, 1988) and is therefore time-barred. Furthermore, GTE argues that Wiehoff's ADEA claim is not revived by the 1990 ADCAA as it does not meet all the requirements for revival.
Wiehoff contends that his ADEA claim includes allegations of both willful and non-willful violations, and that the claim is timely because the statute of limitations was tolled during conciliation with the MDHR. Alternatively, Wiehoff argues that the 1990 ADCAA does revive his claim of willful violation because the 1990 ADCAA applies a two-year statute of limitations in all cases, whether or not the allegations are of non-willful violation.

Discussion

I. SUMMARY JUDGMENT STANDARD

The moving party is not entitled to summary judgment unless the movant can show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a summary judgment motion, a court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The role of the court is not to weigh the evidence but instead to determine whether, as a matter of law, a genuine issue of material fact exists. Agristor Leasing v. Farrow, 826 F.2d 732, 733 (8th Cir.1987). "In making this determination, the court is required to view the evidence in the light most favorable to the non-moving party and to give that party the benefit of all reasonable inferences to be drawn from the facts." Id. at 734.
"To withstand a motion for summary judgment, a party need not prove in its favor an issue of material fact; all that is required is sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Unigroup v. O'Rourke Storage & Transfer, 980 F.2d 1217, 1220 (8th Cir.1992) (citations omitted). The non-moving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue of material fact for trial. Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc., 824 F.2d 582, 585 (8th Cir.1987), cert. denied, 484 U.S. 1010, 108 S.Ct. 707, 98 L.Ed.2d 658 (1988). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

II. OPERATION OF THE ADCAA

A. Statutory Structure

The ADEA incorporates the statutes of limitations set forth in section 255(a) of the Portal-to-Portal Pay Act. 29 U.S.C. § 626(e). A claim alleging a non-willful violation of the ADEA must be commenced within two years after the cause of action accrued, while a claim alleging a willful violation must be filed within three years after the accrual of the cause of action. 29 U.S.C. § 255(a).
However, the ADCAA, as amended in 1990[5], provides an "extension period" in which certain eligible ADEA claimants are *1317 permitted to file suit even though the statute of limitations set forth in the ADEA may have otherwise expired. The 1990 ADCAA provides, in relevant part:
(a) Extension. Notwithstanding section 7(e) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 626(e)), a civil action may be brought under section 7 of such Act by the [Equal Employment Opportunity] Commission or by an aggrieved person, during the applicable extension period if  [1](B) with respect to the alleged unlawful practice on which the claim in such civil action is based, a charge was timely filed under such Act with the Commission after April 6, 1985,
(2) the Commission did not, within the applicable period set forth in section 7(e) either 
(A) eliminate such alleged unlawful practice my informal methods of conciliation, conference, and persuasion, or
(B) notify such person, in writing, of the disposition of such charge and of the right of such person to bring a civil action on such claim,
[3](3) with respect to a claim described in paragraph (1)(B) the statute of limitations applicable under section 7(e) runs after April 6, 1988, but before the expiration of the 180-day period beginning on the date of the enactment of the [1990 ADCAA  November 3, 1990],
(4) a civil action on such claim was not brought by the Commission or such person before the running of the statute of limitations.
Pub.L. 101-504, § 3, November 3, 1990, 104 Stat. 1298, reprinted in 29 U.S.C.A. § 626 (note).
The statute defines the term "extension period" as
(2) with respect to a charge described in paragraph (1)(B), the 450-day period beginning on the date of the enactment of the [1990 ADCAA  November 3, 1990].
Id. Thus, the 1990 ADCAA will revive a person's claims if the following four conditions are satisfied:
(1) the charge was filed after April 6, 1985;
(2) the EEOC did not take certain actions (elimination of practice or notification of disposition);
(3) the applicable statute of limitations (two years for non-willful violations and three years for willful violations[6]) runs after April 6, 1988, but before May 2, 1991 (180 days after November 3, 1990); and
(4) a civil action was not brought by the EEOC or the claimant before the running of the statute of limitations.
If a person's claims are revived, a civil action may be filed by January 26, 1992  450 days after November 3, 1990.
The parties do not dispute that Wiehoff's cause of action accrued on August 22, 1988. See Plaintiff's Memorandum, note 4. Ordinarily, Wiehoff would have had to file a claim for a non-willful violation of the ADEA on or before August 22, 1990, and a claim for willful violation on or before August 22, 1991. Wiehoff filed his action on or about November *1318 8, 1991, so the only way[7] his action would be timely is if the 1990 ADCAA applies to his claims.
GTE accepts, for purposes of this motion, that Wiehoff has met three of the four conditions necessary for 1990 ADCAA coverage[8], and disputes only the third condition listed above  that the applicable statute of limitations has run between April 6, 1988 and May 2, 1991. Based on the Complaint, Wiehoff's answers to interrogatories, and other pleadings, GTE asserts that Wiehoff has alleged only a willful violation of the ADEA for which the statute of limitations ran on August 22, 1991. This date is not within the April 6, 1988  May 2, 1991 "window," and therefore, according to GTE, Wiehoff has not satisfied the third condition and the 1990 ADCAA does not revive his claim. If, however, Wiehoff's ADEA claim includes a non-willful violation, as Wiehoff argues it does, the statute of limitations on that claim would have run on August 22, 1990, a date which is within the revival "window." The question before the Court with respect to this argument is whether the allegations in the Complaint include non-willful, as well as willful, violations of the ADEA.

B. Willful and Non-Willful Violations

The Supreme Court has adopted a definition of "willful" violations of the ADEA which refers to conduct of an employer who "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." Hazen Paper Co. v. Biggins, ___ U.S. ___, ___-___, 113 S.Ct. 1701, 1708-09, 123 L.Ed.2d 338 (April 20, 1993) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988) and reaffirming Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)). The Supreme Court explained that this definition applies to "informal disparate treatment case[s]  where age has entered into the employment decision on an ad hoc, informal basis" (Biggins, ___ U.S. at ___ 113 S.Ct. at 1709), as well as to formal, facially discriminatory employment policies. Id. Because the ADEA "is not an unqualified prohibition on the use of age in employment decisions,"[9] in the "informal disparate treatment case," an employer does not commit a "willful" violation if it "incorrectly but in good faith and nonrecklessly believes that the statute permits a particular age-based decision...." Id.
The Supreme Court specifically rejected variations of this definition employed by some courts of appeals in imposing liquidated damages, available only when the employer's violation is "willful." For instance, courts of appeals have imposed liquidated damages only when the employer's conduct is outrageous; where age is the predominant factor, rather than simply a determinative factor in the employment decision; or where evidence of liability is direct rather than circumstantial. Id. (citations omitted). The Supreme Court's holding in Biggins eliminates these interpretations of the Thurston standard.[10]
*1319 A "non-willful" or ordinary violation of the ADEA occurs when an employer "incorrectly but in good faith and nonrecklessly believes that the statute permits a particular age-based decision." Biggins, ___ U.S. at ___ 113 S.Ct. at 1709. See also McLaughlin v. Richland Shoe, 486 U.S. at 134 n. 13, 108 S.Ct. at 1682 n. 13 ("If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful under either petitioner's test or under the standard we set forth. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its action would be considered willful under petitioner's test, it should not be so considered under Thurston or the identical standard we approve today.").
Wiehoff's Complaint alleges various acts on the part of GTE which discriminated against him as part of a "pattern and practice of discrimination based on age," terminating 80% of its over-50 employees in Minnesota from 1987 through October, 1988. Complaint, ¶ 5. He alleges that GTE took away his established accounts and gave them to younger employees (Complaint, ¶ 6); placed him on probation for poor performance when younger employees with similar performance were not placed on probation (¶ 8); involuntarily demoted him and did not provide him with the training, assistance and support provided to younger salespersons (¶ 9); and discharged him just before he would have obtained vested pension rights (¶ 10). Wiehoff also alleges that GTE discharged him several days after he "complained to his supervisors about the adverse treatment he was suffering because of his age...." Complaint, ¶ 11.
The Complaint does not expressly allege that age discrimination was intentional or in reckless disregard as to whether the conduct violated the ADEA. Nor does it allege that GTE's actions were taken pursuant to a facially neutral employment policy or in the mistaken belief that one of the ADEA exemptions applied, or that the employer acted in a non-willful manner or "by accident or inadvertence or ordinary negligence." Fred Brown, at 560. While the alleged conduct certainly appears "intentional" or "willful" in the ordinary sense of the word, a plain reading of the Complaint cannot be said to limit the Complaint to only a "willful" violation of the ADEA.[11]See Harter v. GAF Corp., 967 F.2d 846, 851 (3rd Cir.1992) (court viewed complaint "as though [the plaintiff] pleaded the willful-violation and ordinary-violation claims separately" and found that the claim for ordinary-violation was revived by *1320 the ADCAA). See also EEOC v. Chrysler Corp., 729 F.Supp. 1002, 1009 (S.D.N.Y.1990) (court found that "a cause of action arising out of an ordinary or non-willful violation" was "subsumed within the complaint" alleging a willful violation).[12] Moreover, any recovery by Wiehoff will be determined by what he proves, not what was alleged in the Complaint as "the pleader is not obliged to prove everything asserted." Zabielski v. Montgomery Ward & Co., Inc., 919 F.2d 1276, 1280 (7th Cir.1990).[13]
The Court concludes that Wiehoff's Complaint alleges both willful and non-willful violations of the ADEA. Therefore, to the extent that the statute of limitations on the non-willful claim expired on August 22, 1990, it is revived by the 1990 ADCAA.[14] The claim of a willful violation, however, would not be saved by the 1990 ADCAA and is therefore time-barred unless the statute of limitations was tolled during the MDHR's conciliation efforts. This argument will be addressed below.
As the claims for willful and non-willful violations are separate, one is time-barred and the other is not. Therefore, Wiehoff will not be permitted to present evidence of the alleged willful violation at trial, and the statute of limitations will not be an issue at the trial on the merits. See EEOC v. Chrysler Corp., 729 F.Supp. 1002, 1005 (S.D.N.Y.) (court would exclude evidence of willfulness when statute of limitations had run on that claim). Whether Wiehoff will, in fact, be able to prove a non-willful, ordinary violation of the ADEA is an issue for the jury.

III. TOLLING THE STATUTE OF LIMITATIONS DURING MDHR CONCILIATION

Section 626(e)(2) of the ADEA provides:
For the period during which the Equal Employment Opportunity Commission is attempting to effect voluntary compliance with requirements of this chapter through informal methods of conciliation, conference, and persuasion pursuant to subsection (b) of this section, the statute of limitations as provided in section 255 of this title shall be tolled, but in no event for a period in excess of one year.
Subsection (b) provides in relevant part:
Before instituting any action under this section, the Equal Employment Opportunity Commission shall attempt to eliminate the discriminatory practice or practices alleged, *1321 and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.
Wiehoff acknowledges that the MDHR, not the EEOC, engaged in conciliation efforts with the parties, but asserts that the tolling provision is available to him because the MDHR processed his charge and undertook conciliation pursuant to a worksharing agreement between the EEOC and the MDHR. See Landman Aff., Exh. 14. The EEOC informed Wiehoff on numerous occasions of the worksharing agreement under which the EEOC deferred its own processing and investigation of the ADEA claim. See Oakes Aff., Exh. C; Landman Aff., Exhs. 7 and 13.
However, the worksharing agreement does not address conciliation efforts and tolling of the statute of limitations during conciliation undertaken by the EEOC or by the MDHR. Similarly, the statutory section which addresses tolling does not mention conciliation undertaken by a state agency, but rather speaks only to the EEOC's conciliation efforts. Neither the statute nor the worksharing agreement supports Wiehoff's assertion that "[a]s a practical matter, the MDHR stepped into the shoes of the EEOC performing all necessary steps regarding the investigation and possible voluntary resolution of Wiehoff's claims." Plaintiff's Memorandum, p. 11 (emphasis added).
The absence of language specifically requiring tolling during state agency conciliation is in contrast to other provisions in the ADEA where the relationship between the EEOC and state agencies is carefully defined. See 29 U.S.C. § 626(d) (longer charge filing deadlines in state agencies) and 29 U.S.C. § 633 (setting out relationship between EEOC and state agencies). Moreover, the lack of tolling for state agency conciliation is consistent with the ADEA's requirement that only the EEOC, not state agencies or individual claimants, attempt to effect voluntary compliance before instituting a civil action against the employer. 29 U.S.C. § 626(b). A state agency may commence a suit against the employer without exhausting any voluntary compliance channels. An individual claimant must only wait 60 days before filing a suit against the employer. 29 U.S.C. § 626(d).
While the tolling provision works "to prevent those who have violated the Act from delaying and postponing conciliation and thereby possibly avoiding liability" (Sen.Rep. No. 493, 95th Cong., 1st Sess. 13 (1977)), it does so only when the claimant has chosen to pursue a remedy through a suit brought by the EEOC. The individual claimant must wait 60 days before filing suit, during which time the EEOC or the state agency attempt to reach a conciliation agreement; if conciliation efforts take longer than that, the individual claimant is free to file a suit or wait in hopes that the administrative settlement will be successful. However, the individual claimant's choice to wait before commencing a suit against the employer will not toll the statute of limitations for the individual claimant's case against the employer. See Leite v. Kennecott Copper Corp., 558 F.Supp. 1170, 1173 n. 1 (D.Mass.1983) ("this tolling provision applies only to the conciliation efforts preceding the institution of legal action by the Secretary, not to those that might precede a private civil action"), aff'd, 720 F.2d 658 (1st Cir.1984); Hovey v. Lutheran Medical Center, 516 F.Supp. 554, 556-557 (E.D.N.Y.1981) ("Under section 626(d) an individual need not exhaust the possibilities of conciliation before commencing action; he merely must give the Secretary sixty days to reach a settlement. If he waits longer before filing suit in the hope that the Secretary's efforts will be successful, he waits at his own risk."). See also Nurse v. New York, 735 F.Supp. 69, 72 (S.D.N.Y.1990) ("[D]uring the period that [the claimant] pursued her administrative remedies in the [state agency], the statute of limitations was running and expired....")
Wiehoff has been reminded more than once of his right to file a civil action 60 days after filing his charge with the MDHR. See Landman Aff., Exhs. 6 and 13; Oakes Aff., Exhs F, G, H and I. He chose to wait, and the statute of limitations as amended by the ADCAA expired on his claim of willful violation of the ADEA. This claim is time-barred and GTE is entitled to judgment as a matter of law on the claim of willful violation.

*1322 Order
Based on the files, records and proceedings herein, IT IS ORDERED that
1. Defendants' Motion for Partial Summary Judgment (Doc. No. 67) is GRANTED to the extent it applies to Plaintiff's claim of willful violation of the ADEA; and
2. Defendants' Motion for Partial Summary Judgment is DENIED to the extent it applies to Plaintiff's claim of non-willful violation of the ADEA.
NOTES
[1] The Civil Rights Act of 1991, Pub.L. 102-166, 105 Stat. 1071 (1991), enacted after the commencement of this lawsuit, amended portions of the ADEA. All references to the ADEA will be to the statute prior to those amendments.
[2] The parties dispute whether Wiehoff was discharged on Friday, August 26, 1988 or Monday, August 29, 1988. For the purposes of this motion, it is not necessary to resolve this dispute.
[3] GTE complains that Exhibit 13 was not produced during discovery despite GTE's requests for all documents that Wiehoff sent to or received from by the EEOC or the MDHR. Oakes Supplemental Aff., Exh. A, Defendants' First Request for Production of Documents. At oral argument, counsel for Wiehoff claimed that they discovered Exhibit 13 in the EEOC's files and that Wiehoff had apparently failed to keep a copy of this letter, as he had of other documents produced to GTE during discovery.

It is not necessary for the Court to render a decision regarding the admissibility of Exhibit 13 for the purposes of this motion. However, the Court expects complete cooperation between the parties in the preparation and exchange of exhibits and other evidence to be used at trial.
[4] GTE's motion addresses only the ADEA claims, not the MHRA claims.
[5] The ADCAA was originally enacted on April 7, 1988, with corresponding extension dates. The operation of the statute has remained the same in the 1990 amendments.
[6] Wiehoff argues that "[t]he legislative history of the ADCAA indicates that when applying Section 3 of the ADCAA, `the applicable [statute of limitations period set forth in section 7(e)' is two years, whether or not wilfulness is always alleged." Plaintiff's Memorandum, p. 13. See, e.g., 134 Cong.Rec. H1253 (March 29, 1988) (remarks of Rep. Jeffords and Rep. Martinez). See also EEOC v. Puerto Rico Jobs Corps, 729 F.Supp. 208, 216 (D.P.R.1990) (interpreting legislative history to support proposition that all actions to which the ADCAA applies should be considered as having a two-year statute of limitations, whether willful or not); EEOC v. Holiday Inn of Oil City, 49 F.E.P. ¶ 38,733, 1989 WL 44639 (W.D.Pa.1989) (same).

The Court rejects this argument based on a reading of the plain language of the ADEA. See Public Employees Retirement System of Ohio v. Betts, 492 U.S. 158, 173-74, 109 S.Ct. 2854, 2863, 106 L.Ed.2d 134 (1989) (plain language of the ADEA has more authority than either caselaw, legislative history or the EEOC's interpretation). Section 3(a)(2) speaks of the "applicable period set forth in section 7(e)." That period is two years for non-willful violations and three years for willful violations. 29 U.S.C. § 626(e) and 29 U.S.C. § 255. There is nothing in the statute which suggests that the two year statute of limitations applies to all cases under the ADCAA. See Zabielski v. Montgomery Ward & Co., Inc., 919 F.2d 1276, 1280 (7th Cir.1990); EEOC v. Chrysler Corp., 729 F.Supp. 1002, 1005 (S.D.N.Y.1990). Therefore, the "applicable period" is either two years or three years.
[7] Wiehoff's argument that the statute of limitations was tolled during conciliation with the MDHR will be addressed infra.
[8] In its Reply Memorandum, GTE argues that Wiehoff does not meet the second condition because the EEOC did notify him of its disposition of his charge between August 22, 1988 and August 22, 1991. GTE changes its argument based on Landman Aff., Exh. 13, a document which had not been produced to GTE prior to this motion. At oral argument, Wiehoff argued that the EEOC letter (Exh. 13) was not a "disposition" within the meaning of the ADEA; therefore the second condition was met. Based on the Court's resolution regarding the third condition, it is not necessary for the Court to resolve this issue.
[9] For instance, the ADEA affords the employer a "bona fide occupational qualification" defense (29 U.S.C. § 623(f)(1)) and exempts bona fide seniority systems and employee benefit plans (§ 623(f)(2)) and bona fide executives and high policy makers (§ 631(c)).
[10] In Fred Brown v. Stites Concrete, Inc., 994 F.2d 553 (8th Cir.1993) (en banc), the Eighth Circuit Court of Appeals affirmed the following jury instruction given by the district court on the meaning of "willfulness" under the ADEA:

[A] violation is willful if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the federal law under which the plaintiff sues in this case. And the violation is willful if it's done voluntarily and deliberately and intentionally and not by accident or inadvertence or ordinary negligence. And, in this connection, you can consider statements made or acts done or omitted and all facts or circumstances which show whether or not the defendant acted intentionally and not by accident.
Fred Brown, at 560.
The Court noted that the first sentence and part of the second sentence of the instruction were consistent with Biggins in that "`the word `willful' ... is generally understood to refer to conduct that is not merely negligent.'" Id. at 560 (quoting Biggins, ___ U.S. at ___, 113 S.Ct. at 1708). The Court went on to state that:
The first portion of the second sentence is problematic, however, principally because it equates "willfully" with "voluntarily" in the ADEA context when it is a willful violation of the law as opposed to voluntary conduct in general that is required. This problem could have been avoided if the construction simply stated that a willful violation of the statute cannot occur by accident, inadvertence, or ordinary negligence. When read in the context of the whole instruction, we find that portion of the second sentence as given was not reversible error because the instruction as a whole fairly and adequately instructed the jury as to the substantive law.
Fred Brown, at 560.
This Court believes that there is nothing in its decision today which is inconsistent with the meaning of "willful" as explained in Biggins and Fred Brown.
[11] GTE's reliance on Biggins for the proposition that willful violations must be distinctly pled and that willful and non-willful violations cannot arise from the same conduct is misplaced. See Defendants' Memorandum, p. 13 n. 11. The Supreme Court did not address what is necessary to effectively plead a willful violation  it focused on the circumstances under which a willful violation could be found such that liquidated damages should be imposed. Biggins, ___ U.S. at ___, 113 S.Ct. at 1708-1710. Furthermore, the willful/non-willful, two-tiered system will not be collapsed if a plaintiff's complaint is read to include both a non-willful and a willful violation as long as the courts adhere to the Thurston definition of "willful." See Hazen Paper, ___ U.S. at ___, 113 S.Ct. at 1709 ("The two-tiered liability principle was simply one interpretive tool among several that we used in Thurston to decide what Congress meant by the word "willful," and in any event we continue to believe that the "knowledge or reckless disregard" standard will create two tiers of liability across the range of ADEA cases.").
[12] In this case, the EEOC characterized Wiehoff's charge as "not willful" and indicated that he had until January 26, 1992 to file a lawsuit. Landman Aff., Exh. 13.
[13] The Court finds the Seventh Circuit Court of Appeals' discussion in Zabielski instructive in interpreting the language of the ADCAA and applying it to the realities of pleading and proving an age discrimination case:

Put the Assistance Acts aside for a moment and suppose that [the plaintiff] had filed a suit 30 months after his discharge, contending that [the employer] acted wilfully. Come the trial, [the plaintiff] fails to show wilfulness, within the meaning of [Thurston]. That failure will fix the period of limitations at two years and require the dismissal of [the plaintiff's] suit. Under the Assistance Act, everything is reversed. Success in demonstrating wilfulness produces a longer period of limitations and dooms the suit. Yet the principle is the same: whether the period of limitations is two or three depends on what the plaintiff proves. If [the plaintiff] struggles to establish that [the employer] acted wilfully, and fails, then the "applicable period set forth in section 7(e)" of the ADEA is two years, and [the plaintiff's] suit becomes timely under the Assistance Acts.
Topsy turvy though this be, the Assistance Acts make it desirable for plaintiffs to fail to show wilfulness  to make the period of limitations shorter. Counsel for the plaintiff and counsel for the employer reverse their usual roles. No matter which side benefits from the longer period, though, the length of the period under § 7(e) is a matter of proof rather than pleading. The upshot is that cases come out as if the "applicable" period were two years. Knowing that success in establishing an employer's wilful discrimination will lead to victory for the employer, the employee will not even try to show wilfulness. Failure of proof will mean that the period is two years, and the suit will proceed to the merits.
Zabielski, 919 F.2d at 1280 (emphasis in original).
[14] With respect to GTE's argument that the EEOC did notify Wiehoff of its disposition of his charge (see note 8, supra), such notice occurred, if at all, on June 21, 1991, after the expiration of the applicable two year statute of limitations for an ordinary, non-willful violation. Therefore, the second condition of coverage under the ADCAA (§ 3(a)(2)) has been met for a claim of non-willful violation.